UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EAGLE, INC.                                            CIVIL ACTION

VERSUS                                                NO: 13-6217

ONEBEACON AMERICAN                                    SECTION: "A" (5)
INSURANCE COMPANY, ET AL.

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss Second Amended Complaint (Rec. Doc. 364)** filed by defendants and third-party defendants TIG Insurance Company ("TIG") and United States Fire Insurance Co. ("U.S. Fire"). Plaintiff Eagle, Inc. opposes the motion. The motion, noticed for submission on August 24, 2016, is before the Court on the briefs without oral argument.

Plaintiff Eagle, Inc. filed this action against several insurance companies seeking a declaratory judgment regarding the obligations of the insurance companies to provide defense and indemnity in numerous asbestos cases deriving from exposure that occurred in the 1950s through the 1980s. Eagle, Inc. is the successor company to Eagle Asbestos & Packing Co., Inc., which was in the business of selling, installing, and removing asbestos-containing products at various sites from approximately 1937 until sometime in the 1980s. Since the inception of this litigation the defendant insurers have complained that Eagle's claims suffer from a lack of detail as to claimants, lawsuits, settlements, defense costs, and every other kind of claim-specific fact necessary to

trigger coverage under the policies.

Another theme that has permeated this litigation is Defendants' suggestion that this litigation is merely an investment opportunity for non-party Raymond Tellini, a businessman and investor who first became involved with Eagle in December 2012 — a time when Eagle had no ongoing operations. According to Defendants, Tellini has been in the business of acquiring businesses whose sole assets consist of insurance policies that allegedly provide coverage for the businesses' asbestos liabilities. Once the insurers settle out, Defendants claim that Tellini uses his other corporate entities to funnel the settlement proceeds to himself as income.

Movants TIG and U.S. Fire have submitted a plethora of exhibits offered to support their contention that Tellini is the alter ego of Eagle, Inc., and its corporate owner Eagle Acquisitions, Inc. From there, Movants argue that the Second Amended Complaint, which brought them into this litigation, should be dismissed because without Tellini's joinder as a plaintiff in this case, they run the risk of incurring multiple or inconsistent obligations with respect to the insurance coverage provided to Eagle.

The Court finds that Eagle, Inc.'s opposition memorandum states well the non sequitur implicit in Movants' argument. Even if Tellini is the alter ego of Eagle, Inc. such that he would now have standing as a plaintiff to pursue a declaratory judgment action against Eagle's insurers — a specious proposition in and of itself — the Court fails to appreciate how Tellini's joinder as a plaintiff ameliorates Movants' valid concerns regarding multiple or inconsistent obligations with respect to the insurance policies

provided to Eagle. Moreover, Tellini's absence as a plaintiff does not prevent the Court from according complete relief among the existing parties. *See* Fed. R. Civ. Pro. 19(a)(1)(A).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Second Amended Complaint (Rec. Doc. 364)** filed by defendants and third-party defendants TIG Insurance Company and United States Fire Insurance Co. is **DENIED**.

September 27, 2016

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE